O’NIELD, I.
Defendant lias appealed from a judgment allowing plaintiff a brokerage commission of $10,000 on a sale of am oil lease.
Appellant relies mainly upon an exception of no cause of action, which was overruled by the district court. The allegations of the petition, stated broadly, were as follows : Plaintiff, being a real estafé agent, made a verbal agreement with defendant by which plaintiff was to undertake to sell the oil lease belonging to defendant for $175,000 cash. It was agreed that the price should be net to defendant; that plaintiff would quote the lease to his customer at $185,000; and that defendant would protect him in that respect by charging $185,000 for the lease, and by paying the excess of $10,000 to defendant, if a sale should be brought about by plaintiff for $185,000 cash. Plaintiff promptly introduced to. defendant a prospective buyer, who began negotiations with defendant. While the negotiations were going on, plaintiff learned that the price and terms proposed had been changed, and that the sale was about to be consummated at the price of - $200,000, of which $125,000 was to be paid in cash, and the balance, $75,000, was to be paid by defendant’s collecting half of the proceeds of the first oil produced from the land, and was therefore to be paid only in the event that the lease should produce as much as $150,000 worth of oil. Another condition of the new proposition was that the purchaser of the lease should, within a time stipulated, drill four wells on the land. Defendant had brought in a producing oil well on the land before the negotiations with plaintiff commenced. When plaintiff heard of the proposed change of price and terms, he called upon defendant’s representative and told him that he (plaintiff) had another customer, who would pay $1S5,000 cash for the lease if the price and terms offered- by the party who was then negotiating to buy the lease were not satisfactory to defendant. Defendant’s representative replied that the dfeal was progressing satisfactorily, and that he (plaintiff) should not interfere in the matter. The sale -was made at the price and on the terms stated; that is, for $200,000, of which $125,000 was paid in cash, the balance, $75,000, being collectible only out of one-half of the proceeds of the oil to be produced. To better insure the collection of the entire purchase price, it was stipulated that the purchaser should drill the four additional wells within the time stipulated. During the negotiations, and again when the transaction had been consummated, but before the $125,000 was paid, the purchaser asked defendant’s representative who would pay the brokerage commission, and he replied that defendant would pay it.
[1] Appellant contends that plaintiff did not allege that the purchaser of the lease was ever willing to pay $185,000 cash for it, or that any other prospective buyer whom plaintiff might have introduced would have paid that price in cash for the lease. It is true the allegation was merely that plaintiff told defendant’s representative that he (plaintiff) had a customer who was willing to pay $185,000 in cash for the lease if the price and terms that were offered by the customer who was already negotiating for the lease were not satisfactory to defendant’s representative. But it was also alleged that defendant’s representative replied that the deal was progressing satisfactorily, and that he (plaintiff) should not interfere in the matter. That was the same as to say that defendant preferred to sell the lease at the price of $200,000, on the terms stated, than to sell it for $185,000 cash. The petition therefore did set forth a cause of action. Defendant’s reason for selling the lease at the price of $200,000, on terms which were largely speculative, was, not that plaintiff could not consummate the sale for $185,000 cash, but that defendant was willing to sell at the price of $200,000, even on the specula *225 tive terms, instead of selling for $185,000 cash. It was for that reason that defendant refused to allow plaintiff to fulfill his agreement to consummate the sale for $185,000 cash.
The allegations of the petition, as we have stated them, were proven beyond any doubt, and in fact were not seriously disputed on the trial of the ease.
[2] Appellant complains of a ruling of the district judge, sustaining an objection to the introduction of testimony to show that the land had not produced, and probably never would produce, enough oil to pay the $75,000. Our opinion is that the ruling was correct. It was a matter of no importance to the issues of this case whether the trade which defendant had made was less profitable than would have been that which plaintiff had undertaken to make.
The judgment appealed from is affirmed, at appellant’s cost.
PROVO STY, O. J.,' dissents.
LAND, J., recused.
ST. PAUL, J., takes no part.
Rehearing refused by the WHOLE COURT.